NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0212-15T1

SIN'S REALTY, LLC,

 Plaintiff-Respondent,

v.

RITESH KALRA, M.D., LLC a/k/a
RITESH KALRA, LLC,

 Defendant-Appellant.
_______________________________

 Submitted September 18, 2017 - Decided October 6, 2017

 Before Judges Accurso and Vernoia.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. LT-
 6134-15.

 Degrado Halkovich, LLC, attorneys for
 appellant (Adamo Ferreira, of counsel; Mr.
 Ferreira, and Felicia Corsaro, on the briefs).

 Craig A. Squitieri, attorney for respondent.

PER CURIAM

 Following two days of testimony from eight witnesses,

including the principals of the two entities involved in this

commercial landlord/tenant dispute, Judge Bachmann entered
judgment of possession for the landlord, plaintiff Sin's Realty,

LLC. In an accompanying written opinion, the judge summarized

the credible testimony of the landlord, two police officers and

several tenants regarding the problems arising after Dr. Ritesh

Kalra moved his pain management practice into plaintiff's

building in East Rutherford, and cogently explained why the

conduct violated provisions of the parties' lease.

 The judge found Dr. Kalra, although seeing some patients by

appointment, saw many more walk-in patients, resulting "in more

than one dozen people appearing on many occasions, at the same

time." That practice "resulted in Dr. Kalra's patients

congregating in the hallway" the patients of a dentist and a

medical laboratory "also have to traverse, . . . obstructed that

hallway, and . . . disturbed and offended" neighboring tenants,

including an optometrist on an adjoining floor.

 Judge Bachmann found Dr. Kalra knew "his waiting room [was]

inadequate to accommodate those patients," and that he used "the

hallway, parking lot and stairwell as his auxiliary waiting

room." The judge found the doctor should certainly have known

that would disturb other tenants, and was put on notice by the

landlord that it did concern and disturb his neighboring

tenants. The judge generally rejected Dr. Kalra's testimony

about his practice as not worthy of belief. Judge Bachmann

 2 A-0212-15T1
specifically rejected the doctor's testimony that he did not

recognize his patients among the thirteen people who followed

him into the building one morning as captured on surveillance

video, and that the doctor was not scared when two of his

patients, one bearing a semi-automatic pistol, knocked him to

the floor and took $3600 in cash from his front pocket during

office hours.

 The judge concluded the parties' lease prohibited defendant

from "obstructing or encumbering the yards, entrances, hallways

and stairs" and from "causing disturbances that would offend the

other tenants in the building" and provided the landlord a right

of reentry upon breach. He found the landlord proved the

conduct credibly described by the neighboring tenants violated

the lease and that N.J.S.A. 2A:18-53c(4) entitled the landlord

to possession based on the right of reentry and the notice

provided to the tenant.

 Dr. Kalra appeals, arguing the lease provides that "the

tenant" shall not obstruct the hallways and entrances or cause

disturbances and the proofs establish that he "did not invite

patients to loiter in the parking lot, congregate in hallways,

urinate outside, smoke marijuana outside, drink alcohol or to

eat their lunches on the premises." He claims the trial judge

committed reversible error by expanding the terms of the lease

 3 A-0212-15T1
to third parties over whom he had no control, that the court's

fact-findings are not supported by competent and credible facts

in the record and that the court denied him the ability to

confront witnesses "about their racial motivation in filing

complaints that formed the basis of the alleged violations of

the terms of the lease."

 Having reviewed the trial transcripts, we reject those

arguments as wholly without merit and undeserving of discussion

in a written opinion. See R. 2:11-3(e)(1)(E). The judge's

findings are amply supported by the credible evidence in the

record, which also reveals the court in no way denied defendant

the ability to confront the witnesses about their motives in

complaining to the landlord about Dr. Kalra's patients and the

conduct of his practice. We affirm the judgment of possession,

substantially for the reasons expressed in Judge Bachmann's

cogently reasoned written opinion. See R. 2:11-3(e)(1)(A).

 Affirmed.

 4 A-0212-15T1